UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHAWN GRAF,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendants.

Case No. C19-839 TLF

ORDER DISMISSING PLAINTIFF'S COMPLAINT

This matter is before the Court on plaintiff's request for judicial review of defendant's decision refusing to reopen plaintiff's prior application for benefits. Plaintiff contends that the reviewing Administrative Law Judge (ALJ) erred in refusing to reopen plaintiff's prior 2008 determination for benefits. Plaintiff requests that the Court reopen the prior application for benefits and remand the matter for a new hearing or for award of benefits. The Court lacks subject matter jurisdiction to hear this matter. Therefore, plaintiff's complaint seeking judicial review is DISMISSED.

## I. ISSUES FOR REVIEW

1. Does the Court have subject matter jurisdiction to review whether the ALJ erred in refusing to reopen plaintiff's 2008 application for benefits?

## II. PROCEDURAL HISTORY

On November 9, 2007, plaintiff filed a Title II application for disability insurance benefits. Dkt. 11, Administrative Record (AR) 23. Plaintiff's application was denied on

initial administrative review on January 18, 2008. AR 23. Plaintiff did not request reconsideration. AR 23. Therefore, the prior determination became administratively final. AR 23.

On March 25, 2015, plaintiff filed another Title II application for disability insurance benefits. AR 23. Plaintiff's claim was denied initially and on reconsideration, both on the basis of *res judicata*. *Id*. The ALJ held a hearing on March 1, 2018. *Id*. In the brief in support of the March 25, 2015 application, plaintiff's counsel argued that the ALJ should reopen the January 18, 2008 initial determination. AR 25.

The ALJ determined that there was no basis for reopening the prior January 18, 2008 initial determination, finding that the decision was final and binding on plaintiff. AR 26. The ALJ stated that because the 2015 application was filed more than four years after the determination that plaintiff sought to reopen, the only provision allowing reopening was 20 C.F.R. § 404.988(c)(8). 20 C.F.R. 404.988(c)(8) states that the determination may be reopened at any time if: "It is fully or partially unfavorable to a party, but only to correct clerical error or an error that appears on the face of the evidence that was considered when the determination or decision was made."

First, the ALJ considered and rejected plaintiff's argument that if new evidence submitted in the 2015 hearing was addressed, in addition to the evidence in the 2008 record, the initial determination would have been different. AR 25. The ALJ pointed out that this argument could be made if the application that plaintiff sought to reopen was decided in the previous four years. AR 25. However, plaintiff sought to reopen a determination that was decided more than four years prior. AR 25. The ALJ concluded

that he could not evaluate the new evidence in determining whether there was error on the face of the evidence submitted in the prior determination. AR 25.

Next, the ALJ considered and rejected plaintiff's second argument, that there was error on the face of the prior decision because the agency did not obtain all of the evidence pertaining to the alleged impairments. AR 26. The ALJ rejected this argument because the regulations state that error must "be clear based on the evidence used by the agency and not what the agency might have used if the claimant or the agency had obtained the evidence now submitted by the claimant." AR 26 (emphasis omitted).

Based on these determinations, the ALJ found that there was no basis to reopen the prior initial 2008 determination.

## III. DISCUSSION

Plaintiff seeks judicial review of the ALJ's determination, arguing that the initial application should be reopened and that the ALJ's decision to not reopen the application is not supported by substantial evidence. Dkt. 13.

A petition to reopen a prior final determination is purely discretionary and not a "final decision" within the meaning of 42 U.S.C. § 405(g). *Califano v. Sanders*, 430 U.S. 99, 108 (1977); *Davis v. Schweiker*, 665 F.2d 934, 935 (9th Cir. 1998). As the Court explained, "an interpretation that would allow a claimant judicial review simply by filing – and being denied – a petition to reopen his claim would frustrate the congressional purpose […] to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." *Califano*, 430 U.S. at 108. Therefore, a decision to not reopen a prior determination is not generally reviewable by a district court. *Califano*, 430 U.S. at 109 (finding that courts lack subject matter jurisdiction to

review a determination not made reviewable by the Social Security Act, 42 U.S.C. § 405(g)), *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013).

In this case, plaintiff concedes that the initial determination was decided more than four years before the application to reopen, and therefore the only legal authority for reopening the determination is 20 C.F.R. § 404.988(c)(8). Plaintiff argues there is clear error in the evidence used in the 2008 determination because the medical evaluation (at AR 283-290) did not mention any cervical imaging or explain the limitations listed in the examination. Dkt. 13. Plaintiff also contends there is clear error in the evidence relied on in the 2008 determination because, despite evidence suggesting that plaintiff had a cervical limitations, the record does not contain all of the medical evidence that could have been available regarding these limitations. Dkt. 13. Plaintiff argues that the lack of evidence in the original record and lack of discussion of cervical limitations suggest that there was clear error warranting reopening plaintiff's initial determination.

There are two exceptions that would allow judicial review of the denial of a petition to reopen a prior final determination. First, judicial review is available when a claimant challenges the denial of a petition to reopen on constitutional grounds. *Califano*, 430 U.S. at 109 (citing *Weinberger v. Salfi*, 422 U.S. 749, 761 (1975)), *Dexter*, 731 F.3d at 980 ("an exception to this rule exists for any colorable constitutional claim of due process violations that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination.") (internal quotations omitted). The second exception is when the ALJ de facto reopens the prior adjudication by considering the issue of the plaintiff's disability

during the already-adjudicated period "on the merits." *See, Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001).

Pursuant to 42 U.S.C. § 405(g), a Social Security claimant may obtain judicial review of "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." A claimant seeking judicial review of a final determination must file a civil action within sixty days after receipt of notice of the final decision. 42 U.S.C. § 405(g). This provision limits judicial review to particular agency actions – final decisions of the Secretary made after a hearing. *Califano v. Sanders*, 430 U.S. 99, 108 (1977).

Plaintiff does not challenge the decision to not reopen the prior determination on Constitutional grounds, and plaintiff does not argue a due process issue. Instead, plaintiff contends the initial determination was in error and plaintiff disagrees with the interpretation of the evidence in the record.

Plaintiff does not argue that the ALJ de facto reopened the prior application by considering the issue of plaintiff's disability. The ALJ considered the arguments put forth by plaintiff and reviewed the record to determine if there was a clear error on the face of the evidence considered. AR 25-26.

Plaintiff is challenging a non-final decision that is generally not subject to judicial review by a district court and does not allege facts that would support any exceptions. *See, Califano*, 430 U.S. at 109, *Dexter*, 731 F.3d at 980. Therefore, the Court lacks the proper subject matter jurisdiction to review the determination that plaintiff seeks to challenge.

## IV. CONCLUSION

Based on the preceding discussion, the Court lacks subject matter jurisdiction to grant the requested relief because the decision to not reopen a final determination is not subject to judicial review. Accordingly, plaintiff's complaint is DISMISSED.

Dated this 10th day of August, 2020.

Theresa L. Fricke
United States Magistrate Judge